## COURT OF COMMON PLEAS OF BALTIMORE CITY

Filed October 5, 1891.

STEWART BROWN, SURVIVING TRUSTEE,

VS.

FREDERICKA C. NICKEL, EXECUTRIX OF CHRISTIAN G. NICKEL.

DUFFY, J.—

The question involved here is one of great importance. There are only some two or three hundred dollars involved, but that is a mere trifle compared with the importance of the legal question. I have thought a great deal of the case, and I see that this question is full of difficulties, and one that admits of a good deal of argument on both sides. The best conclusion that my mind can come to I will now give.

When a tenant of a piece of property is not the original lessee, but is an assignee, that tenant is responsible for the covenants in the lease, for the payment of rent, etc., only during the time that he holds the legal title to the property, that is, responsible only in a Court of law; and during all the time that he does hold the legal title to the property he is responsible for the rent; the covenants are his covenants during that time.

This suit was brought on the sixth of February, 1890. On that day the landlord was entitled to rent under the lease. He was entitled to six months rent which fell due on the first of January, a month before he brought his suit, and he was entitled to six months rent which fell due on the first of July before that, seven months before he brought his suit. So that on the day he brings his suit the landlord is certainly entitled to his rent, and, certainly, on that day, somebody owes him. Well, who owes him? Who owes him in a Court of law? The tenant, who is the assignee of the property, the assignee in law of the property, on that day, is the one that owes that rent.

A person to whom the equitable title of the leasehold property belongs on that day, no matter how extensive the equity may have been a purchaser from the tenant who made a contract to convey the property to him upon demand, and he had paid the tenant the full price of it, so that in every point of view the purchaser was the absolute owner of that property, excepting as to the legal title, is not responsible, because he doesn't have the legal title, and you cannot sue anybody in a Court of law except the one who has the legal title.

Therefore upon the 6th of February, 1890, Mrs. Scott, the defendant's assignee, couldn't have been sued; she didn't owe the rent on that day, because it is conceded she didn't have the legal title to the property. If the deed was signed and executed, and delivered even, before that day, it wouldn't have made any difference, because, as it is perfectly well settled, the deed didn't operate, no deed so operates, as an effective deed to convey a legal title until it is recorded. Now, on the 6th of February, 1890, when the suit was brought, we have, first, the plaintiff

is entitled to rent from some debtor, second, that debtor is the defendant, because at that time the legal title stood in her name upon the records, there being no conveyance on record to Mrs. Scott, even if it was already executed. Then, on the 6th of February, when this suit was brought, the status of the case was this: The plaintiff, to the extent of the rent and taxes, the amount of which is not disputed, was a creditor, and the debtor to the creditor was this defendant. Now, that was the actual state of these parties in a Court of law when this suit was brought. The plaintiff then, under that state of case, is entitled to recover, unless there is something in the act of assembly which, by an act done after this suit was brought, retroacts and cuts out the creditor from a claim which was due to that creditor before that time. So, we will have, after all, to get down to the real question in this case, and which is not involved in any of these cases that have been cited, whether or not there is any such act of assembly.

Now, it is said that this section in the conveyancing law which makes a deed go back when once recorded, retroact and become effective from the time of its date, operates to cut out a claim in this manner. The first one is as follows:

"Every deed of real property, when acknowledged and recorded as herein directed, shall take effect as between the parties thereto from its date." 1st Code, p. 255, Section 14.

"No deed of real property shall be valid for the purpose of passing title unless acknowledged and recorded as herein directed." Section 15. Well, now, how are deeds acknowledged and recorded "as herein directed?" The only place where they are directed to be recorded is in the thirteenth section, which says: "Every deed of any of the interests or estates mentioned in the first section of this article shall be recorded within six months from its date." So that, in these two sections we have read, the fourteenth and fifteenth, in order that the deed may take effect as between the parties thereto from its date, it must be recorded within six months. This deed was not recorded within eight, or ten months, being dated in September and not recorded until the June following,

June, 1890. So this deed cannot be set up as having the effect that is called upon for it to have, if you look to these two sections alone. The fourteenth being the one upon which the defendant principally relies. If you want to get at the retroactive effect of this deed in this case, therefore, you must go to some other section in this law. Now, notice this fourteenth section says, "When acknowledged and recorded as herein directed"—that is, within six months—"shall take effect as between the parties thereto from its "date." How take effect? "As between the parties thereto," against the parties thereto; in favor of the parties thereto; one of them against the other; one of them in his own favor. It takes effect between the parties for all the purposes that such a deed can be used as a deed. It takes effect as between the parties, for each one of them, and against each one of them.

Now the next sections which have anything to do with the question are the nineteenth, twentieth and twenty-first. The nineteenth: "Any deed or conveyance of, or relating to land, duly acknowledged and required by law to be recorded, except deeds or conveyances by way of mortgage, may be recorded after the time herein prescribed?" Now, this is the class of deeds that may be recorded. The previous sort of deeds, the time of their recording was directed; they were ordered to be recorded. We all know it is the policy of the land laws of our State that all these matters should go upon record, for the information of everybody, and so nobody shall be harmed—"And when so recorded shall have (leaving out now two or three sentences) the same validity and effect as if recorded within the time herein prescribed." That is to say when they are recorded they shall have the same effect as if recorded within the six months. If recorded after six months with this language and no other, they would relate back to their date, just as the first set of deeds would relate back. But that isn't all. This section says: "They shall have the same validity and effect as if recorded within the time herein prescribed"—all the effects previously given about relating back, and everything else; but they shall have that effect as against the grantor, not in

favor of the grantor as is sought to be done here, but they shall have the same effect, that is, all this going back, as against the grantor, not as it was in the previous section, that they shall take effect as between the parties thereto, which would make it against each party and in favor of each party, but here they shall have this effect spoken of in the previous section, "As against the grantor, his heirs or executors, and against all purchasers, with notice of such deed or conveyance, and against all creditors of such grantor and his heirs, who shall become so after the recording of such deed or conveyance." Who is the creditor of the grantor here? Anyone who became such after the recording of the deed or conveyance? I have already shown that upon the sixth of February the plaintiff here was a creditor of the defendant here. Now, this section says: "When so recorded shall have, as against all creditors of such grantor, who shall become so after the recording of such deed or conveyance, the same validity and "effect," etc. Well, the natural implication of that would be that it doesn't take effect, in that way, as against creditors who became such *before* the recording of such deed or conveyance. This section doesn't *say* that, but the language would intimate that, and such is the object of this section, as it is in conformity with all the rest of this conveyancing law, to protect people who became creditors before the deed is made. So that you see, under this nineteenth section, you cannot set up the retroacting of this deed, because it allows you to do that only as against the grantor. It doesn't allow it to be done in favor of the grantor, as is undertaken to be done now. Then we get down to the next section, which is on the subject of possession. It is as follows: "When the grantee, his heir or executor, in any deed or conveyance shall take possession of the lands purporting to be conveyed thereby, such deed of conveyance, after being recorded, though not recorded within six months, shall have against *all* persons from the time of taking possession as aforesaid the same effect and validity to all intents and purposes as if the same had been recorded in proper time." Well, now, that language sweeps everything. If it is against all persons, of course it is in favor of all persons; if it is against *all* persons it is against the defendant, and it is against the plaintiff; it is against everybody; and what is against one body must necessarily be in favor of some other body. So that here we have the sweeping language that the deed, after being recorded, "shall have against all persons from the time of taking possession, as aforesaid, the same effect and validity to all intents and purposes as if the same had been recorded in proper time." That is to say, against *all* persons this deed is going to retroact. Now, the exceptions: "But as against all creditors who have become so before the recording of such deed or conveyance, and without notice of the existence thereof, such deed or conveyance shall have validity and effect only as a contract for the conveyance or assurance of the estate, interest or use purported by such deed or conveyance to be conveyed or assured." When did this landlord become a creditor of this defendant? The rent sued for here was money due before the recording of the deed or conveyance, a year before; money that had been accrued before the suit was brought; money that, on the day suit was brought, was due by this debtor to this creditor; all that was before the recording of this deed or conveyance. Was there notice of the existence thereof? Why, the evidence is, you notified the plaintiff that you had sold the property, and you told him to go to Mr. Turnbull, and he would tell you all about it; he goes down to Mr. Turnbull, the gentleman to whom the reference is made, and he finds out there the deed has never been delivered; that it is a deed that is not to be delivered unless the grantee in it is going to do something, which is, to pay some back taxes, and back ground rent, and other things, and until she does that she is not to get the deed. It cannot be said that the plaintiff had notice of there being a deed from his going after the purchaser, and trying to get the money, because that was perfectly consistent with the information he got from this referee that the deed was there and was not to be delivered until this purchaser had paid the money. So that, under this section we have that, while this deed, when recorded, is to retroact and be operative against everybody, the exception

is that it is not to do so against the creditors who have become so before the recording of such deed or conveyance, and without notice of the existence thereof. "Such deed or conveyance shall have validity and effect only as a contract for the conveyance or assurance of the estate." A contract for the conveyance or assurance of an estate is, not what will pass a legal title, and therefore that doesn't interfere with this fact of indebtedness. Those are the conclusions I am able to come to thus far upon this very difficult question.

Now, gentlemen, the argument of inconvenience is a very strong argument, and always a very effective argument, when you have to construe a doubtful written paper, or written instrument of any kind, whether of contract or not. If the defendant is right just see what the position of every ground landlord is in this State. The tenant can very easily get rid of being involved for the payment of rent, becoming due after he assigns, because he can insist at the time, and see it carried out, insist at the time the conveyance takes place; that that conveyance be put into the Record Office. How is it with this landlord? On the first of January, 1890, the landlord's rent becomes due —six months ground rent. He wants to know who is to pay it. He knows that it was John Smith who paid him the last ground rent, and who owned the property at that time. How is it now? Well, John Smith tells him, I don't own the property. Jones owns the property; I have sold it to him; and he goes to the Record Office, the only place he can go, and he finds no deed there at all, but finds that the title stands in the name of John Smith. He goes to Jones. Jones says, well, yes, I bought the property, but I don't intend to put my deed on record. The Court of Appeals has decided he is not bound to put his deed on record. Well, what is the landlord to do? Now, his ground rent is due on the first of January. The last owner of the leasehold says, I won't pay the rent; and the man to whom the last owner sold it says, I won't pay the rent. Now what is he to do? If he brings this suit, and these people, between them, will get that deed on record the next

day, the next six months, or the day the case comes up for trial, or the last day of trial, away goes the suit; the landlord is involved in all that suit, and there is no way to help himself; but it is even worse than that, gentlemen. You say the landlord has the remedy of re-entering upon the property. Well, so he has the remedy of re-entering upon the property, but that is a remedy not favored by the Court. Our own Court of Appeals, 64 Md., I think, goes over this matter, and says that a Court of equity ought not to require a landlord to re-enter; they ought not to look to the fact that he could re-enter, because that is expecting him to do an unfavored thing. But that is not the hard thing I want to allude to. It is this matter of distress. Suppose the property is full of goods. Whom is he going to distrain against. He gets out his distraint, if that is his remedy, and the person who owes him that rent is this last owner of the leasehold, the one who says he sold it and won't pay it. He gets out his distraint against him, because he is the one that owes the money, the deed not being recorded. Now, when a man gets out a distraint he has to make an account out against his tenant and swear to it. Well, he gets his account made out, and swears to it, and names who his tenant is, and all that is true. He sends his bailiff up to the house and seizes the furniture. The next day after that these parties put this deed on record, and then, according to this theory, that deed retroacts and becomes a perfectly effective deed from the day it is dated. The consequence is, the landlord is doing a perfectly right thing, what he had a right to do the day before, makes himself an absolute trespasser, because the distraint law makes a distraint proceeding not in conformity with its provisions an absolute nullity. So the landlord, doing a perfectly honest and right thing, under the construction now sought to be given, makes himself a trespasser. Now, these are some of the inconveniences resulting from putting the construction upon this registry law that is sought to be put upon it now. I have, for the reasons stated, rejected all the defendant's prayers and granted the plaintiff's prayers.